# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 19-3309

———————————————

Guillermo Luna; Lourdes Diana Luna

*Plaintiffs - Appellants*

v.

U.S. Bank National Association as Trustee, for LSF9 Master Participation Trust

*Defendant - Appellee*

Ocwen Loan Servicing, LLC; Millsap & Singer, P.C.; Substitute Trustee Corporation

*Defendants*

——————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————————

Submitted: September 14, 2020
Filed: September 17, 2020
[Unpublished]

——————————

Before GRUENDER, WOLLMAN, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Guillermo and Lourdes Luna appeal the district court's[1] adverse entry of summary judgment in their diversity action, which sought to set aside the foreclosure sale of their property for failure to comply with the Due Process Clause of the Fourteenth Amendment.  Upon de novo review, see Smith v. Toyota Motor Corp., 964 F.3d 725, 728 (8th Cir. 2020) (standard of review), we affirm.  We agree that the extrajudicial foreclosure sale did not involve state action and thus was not required to satisfy the Due Process Clause.  See Mildfelt v. Cir. Ct. of Jackson Cty., 827 F.2d 343, 346 (8th Cir. 1987) (per curiam) (under Missouri law, there is no significant state involvement in conduct of trustee's sale, which is undertaken pursuant to contractual right, and thus no state action); Fed. Nat'l Mortg. Ass'n v. Howlett, 521 S.W.2d 428, 433, 439 (Mo. 1975) (en banc) (extrajudicial foreclosure process derives from contractual right of power of sale provision in deed of trust, and does not involve sufficient state action to implicate Due Process Clause).  We also agree that the foreclosure sale notice sent to the Lunas complied with Missouri law.  See Mo. Rev. Stat. § 443.325.3 (foreclosing trustee shall, not less than 20 days prior to sale date, deposit notice in certified mail addressed to mortgagor at his last known address; actual receipt by mortgagor shall not be necessary to establish compliance); Woolsey v. Bank of Versailles, 951 S.W.2d 662, 667 (Mo. Ct. App. 1997) (§ 443.325 requires only that notice be mailed to last address of mortgagor known to mortgagee; mortgagor's failure to receive foreclosure notice will not condemn foreclosure sale).

The judgment is affirmed.  See 8th Cir. R. 47B.

_____

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.